# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

CIVIL ACTION NO. 4:16CV-00021-JHM

KACIE MATTINGLY                                                    PLAINTIFF

VS.

HENDERSON COUNTY HEALTHCARE
CORPORATION-TWO                                        DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Defendant, Henderson County Health Care Corporation - Two, for summary judgment [DN 32]. Fully briefed, these matters are ripe for decision.

## I. STANDARD OF REVIEW

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show that there is some "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S.

574, 586 (1986). Instead, the Federal Rules of Civil Procedure require the non-moving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson, 477 U.S. at 252. It is against this standard that the Court reviews the following facts.

## II. BACKGROUND

Defendant, Henderson County Heath Care Corporation – Two ("HC-2"), is a Kentucky not-for-profit corporation that operates two apartment complexes located in Henderson, Kentucky, Redbanks Towers and Pleasant Pointe Apartments. Plaintiff, Kacie Mattingly, was hired by Defendant on February 26, 2009, as a Leasing Consultant. During her employment, Mattingly was promoted to Assistant Property Manager at Redbanks Towers and then to Property Manager at Redbanks Towers effective April 1, 2013.

Sharon Combs ("Combs") was the Executive Director at HC-2 and Mattingly's supervisor. In early 2013, Combs announced her intention to retire, and several people applied for the job of Executive Director, including Mattingly and Wendy Orr. HC-2's Board of Directors hired Orr as the Executive Director. Orr started as Executive Director on May 6, 2013.

In early May 2013, Mattingly requested leave from work for approximately four to six weeks beginning in June 2013. She made her request according to the employee handbook which required at least 30 days' notice. Orr told Mattingly she should have provided more notice and that the handbook was merely a "suggestion," not a guideline. Mattingly requested the leave to have surgery to remove excess skin following her significant weight loss. Orr granted

2

Mattingly's leave, and Mattingly was off from work for approximately four weeks. While on leave for her surgery, Mattingly applied for short-term disability. Mattingly testified that Orr failed to properly fax documentation to the insurance company, which delayed her benefits until after she returned from leave.

In October of 2013, Mattingly underwent a hysterectomy and returned to work within a week of the surgery. Mattingly also underwent an MRI and CAT scan during that time period in an effort to determine the cause of her balance problems and slurred speech. Orr testified that she was aware of the doctor's appointments related to Mattingly's balance problems. In April of 2014, Mattingly was diagnosed with Friedreich's ataxia which is a neurological disorder that affects Mattingly's ability to walk, causes balance issues, and slightly affects her speech. The condition will worsen over time, and Mattingly will eventually lose dexterity. There is no cure.

Mattingly testified that she informed Orr of her diagnosis in April of 2014. Orr asked Mattingly how it would affect her work, and she responded that there was no way to know. Mattingly never asked for any accommodation to help her perform her work. Mattingly does not recall any specific conversations thereafter about her disability.

On December 2, 2014, Defendant terminated Mattingly's employment. The written notice provided to Mattingly indicated that, "[d]ue to budget constraints, your position has been eliminated." Orr testified that the budget for Redbanks Towers called for having no more than 10 vacancies, and its main source of revenue was rent from apartments including HUD subsidies. According to Orr, she made the decision to eliminate Mattingly's position due to financial reasons because Redbanks Towers had approximately 15 vacancies and the cost to renovate those apartments to get them ready to rent was high, cash flow was tight, and HC-2 was getting ready to start a 401k plan for employees, which would be an additional cost. Mattingly's duties were

shifted to Orr and the receptionist at Redbanks Towers, Tiffany Berrong. In June of 2015, Berrong's employment was terminated and Melissa Stanley, the Property Manager at Redbanks Regency Apartments, assumed the leasing agent duties of Mattingly's former position. In September 2016, Orr hired a part-time employee, Gigi Gentry, to perform leasing paper for Redbanks Towers.

As a result of her termination, Mattingly brought this wrongful termination suit claiming that HC-2 terminated her because of her disability in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA") and the Kentucky Civil Rights Act ("KCRA"), KRS § 344.040; terminated her in retaliation for exercising her rights under the Family and Medical Leave Act ("FMLA"); and unlawfully interfered with the exercise of her rights protected by the FMLA.

Defendant filed this motion for summary judgment arguing that (1) Plaintiff cannot satisfy the second and fifth elements of her prima facie case in her ADA claim, (2) Plaintiff failed to prove that the Defendant's legitimate, non-discriminatory reason was pretextual; and (3) Plaintiff cannot satisfy the prima facie case in her FMLA interference and retaliation claims.

### III. DISCUSSION

#### A. FMLA Interference and Retaliation Claims

In response to the motion for summary judgment, Plaintiff notes that discovery has generated insufficient evidence to prevail on her FMLA claims, and as a result, she abandons her claims for FMLA interference and retaliation. Accordingly, summary judgment is granted as to these claims.

#### B. ADA and KCRA Claims

Under the Americans with Disabilities Act, it is unlawful for an employer to "discriminate

4

against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). Because the language of the KCRA mirrors that of the ADA, the Court analyzes both claims under the ADA framework. Hargett v. Jefferson Cty. Bd. of Educ., 2017 WL 5664922, at *3 (6th Cir. Oct. 27, 2017)(citing Brohm v. JH Props., Inc., 149 F.3d 517, 520 (6th Cir. 1998)).

In order to establish a prima facie case of discrimination under the ADA, a plaintiff must show that "(1) [s]he is disabled; (2) [s]he is otherwise qualified for the position with or without reasonable accommodation; (3) [s]he suffered an adverse employment decision; (4) [her] employer knew or had reason to know of [her] disability; and (5) [her] position remained open." Azzam v. Baptist Healthcare Affiliates, Inc., 855 F. Supp. 2d 653, 658 (W.D. Ky. Jan. 5, 2012) (quoting Hammon v. DHL Airways, Inc., 165 F.3d 441, 449 (6th Cir. 1999)).

Defendant does not dispute that Mattingly is disabled, that HC-2 knew of her disability, or that she suffered an adverse employment decision. Rather, Defendant contends that Mattingly cannot satisfy the second requirement – that she is otherwise qualified for her position – because she took the legal position with the Social Security Administration in her application for disability benefits that she could not work.

An application for disability is not "conclusive evidence that an individual is completely incapable of working." Stallings v. Detroit Pub. Sch., 658 Fed. Appx. 221, 226 (6th Cir. 2016). However, "an ADA plaintiff cannot simply ignore the apparent contradiction that arises out of the earlier SSDI total disability claim . . . [but] must proffer a sufficient explanation." Id. (quoting Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 806 (1999)). See also Hargett v. Jefferson Cty. Bd. of Educ., 2017 WL 5664922, at *3 (6th Cir. Oct. 27, 2017). "For instance, an ADA

5

plaintiff can survive summary judgment by explaining that he can perform the essential functions of his position with a reasonable accommodation—a consideration the Social Security Administration's (SSA's) disability determination does not take into account." Stallings, 658 Fed. Appx. at 226 (citing Olds v. United Parcel Serv., Inc., 127 Fed. Appx. 779, 783–84 (6th Cir. 2005)).

Here, Mattingly testified that she is capable of performing the essential functions of her position. (Mattingly Dep at 16.) Mattingly argues that her disability is on the Social Security Administration's compassionate allowance list because of its ongoing nature. Mattingly's disability has no cure and eventually, she will lose mobility, but she was able to perform her position as Property Manager. Mattingly further testified that she would have been able to perform her position with a walker and/or a service dog as the disease progresses. (Id.) Mattingly also testified that she did work while receiving benefits from the Social Security Administration. She held a part-time position with Sistex Corporation.

Because Mattingly explained how she could perform the essential functions of her position with reasonable accommodations – a consideration the SAA disability determination does not take into account, the Court finds that she has satisfied the second requirement.

Defendant further argues that Mattingly cannot meet the fifth requirement – that Mattingly's position remained open or she was replaced by a member outside the protected class. Orr and the receptionist at Redbanks Towers absorbed Mattingly's job duties. Defendant maintains that Mattingly's position did not remain open because it was eliminated, and nobody replaced her. In response, Mattingly argues that she was replaced by Orr, who took over property management duties, and Tiffany Berrong, who took over leasing paperwork duties. Neither is disabled. As such, Mattingly argues that she satisfies the fifth requirement of the prima facie

6

case.

Despite Plaintiff's argument to the contrary, Plaintiff has not established a prima facie case of disability discrimination. Defendant neither replaced Plaintiff nor held her position open while her replacement was sought. The undisputed evidence shows that Plaintiff's duties were assumed by Defendant's remaining staff who also continued to perform their own duties. As such, Plaintiff has not established the fifth element of her prima facie case. See Fleming v. Honda of Am. Mfg., Inc., 2017 WL 4296314, at *3 (S.D. Ohio Sept. 28, 2017)("It is settled law in the Sixth Circuit that '[s]preading the former duties of a terminated employee among the remaining employees does not constitute replacement.'"); Lilley v. BTM Corp., 958 F.2d 746, 752 (6th Cir. 1992); Epps v. Vanderbilt University, 2016 WL 540717, * 5 (M.D. Tenn. Feb. 11, 2016); Partin v. Weltman Weinberg & Reis Co., LPA, 2016 WL 67299, *12 (S.D. Ohio Jan. 5, 2016). For this reason, the Plaintiff's claims for disability discrimination under the ADA and the KCRA will be dismissed.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motion by Defendant, Henderson County Health Care Corporation - Two, for summary judgment [DN 32] is **GRANTED**.

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: counsel of record

January 8, 2018